# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 6, 2010

Charles R. Fulbruge III
Clerk

No. 08-60766
Summary Calendar

AUGUSTO RAMON-SANCHEZ

Petitioner

v.

ERIC H HOLDER, JR, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of
the Board of Immigration Appeals
No. A39 298 885

Before KING, DAVIS, and HAYNES, Circuit Judges.

PER CURIAM:*

Augusto Ramon-Sanchez, a native and citizen of Mexico, petitions for a review of the decision of the Board of Immigration Appeals, denying his motion to reopen his administrative case based on lack of jurisdiction pursuant to the "post-departure bar" of 8 C.F.R. § 1003.2(d). Ramon argues that the BIA erred in denying his motion to reopen or reconsider his case following *Lopez v. Gonzales*, 549 U.S. 47 (2006), which he argues overruled the legal basis for his

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

removal from the United States. For the following reasons, the petition for review is denied.

## BACKGROUND

Ramon was admitted to the United States as a lawful permanent resident in April 1986. In November 2001, Ramon was convicted of possession of cocaine in Texas state court, and he subsequently departed the United States. In June 2004 Ramon attempted to reenter the United States, but the Department of Homeland Security (DHS) served Ramon with a Notice to Appear, charging him as inadmissible to the United States based on his conviction for a controlled substance offense. INA § 212(a)(2)(A)(i)(II); 8 U.S.C. § 1182(a)(2)(A)(i)(II).

In August 2004, Ramon appeared before an Immigration Judge (IJ) and admitted alienage, but he denied the charge of removability on the basis of his controlled substance conviction. The IJ initially found that the DHS had not produced sufficient documentation of Ramon's prior conviction, but the IJ granted the DHS a continuance to obtain evidence of Ramon's 2001 conviction. After the DHS produced certified copies of Ramon's conviction, the IJ found Ramon removable as charged based on his conviction for cocaine possession.

Following this finding, Ramon made an application for cancellation of removal or, alternatively, termination of his removal proceedings. The IJ concluded that Ramon was statutorily ineligible for cancellation of removal and thus pretermitted his request for relief. In an oral decision on September 21, 2004, the IJ found that Ramon's cocaine possession conviction was punishable under the Controlled Substances Act and a felony under Texas law. Accordingly, the IJ ruled that Ramon's conviction qualified as an aggravated felony, rendering Ramon ineligible for cancellation of removal. *See* INA § 240A(a)(3); 8 U.S.C. § 1229b(a)(3).

Ramon then filed a notice of appeal with the Board of Immigration Appeals (BIA) on September 22, 2004, and on February 28, 2005, the BIA

affirmed the IJ's decision without opinion. Ramon then petitioned this court for review, and on June 2, 2005, we granted the Attorney General's motion to dismiss. *Ramon-Sanchez v. Gonzales*, No. 05-60194 (5th Cir. Jun. 2, 2005), Ramon then departed the United States pursuant to the order of removal.

Subsequent to Ramon's departure, the Supreme Court decided *Lopez v. Gonzales*, in which the Court held that a first-time conviction for simple possession of drugs that is neither an illicit trafficking offense nor a federal felony does not constitute an aggravated felony for immigration purposes. 549 U.S. at 53–57; *see also Ovalles v. Holder*, 577 F.3d 288, 291 (5th Cir. 2009) (discussing *Lopez v. Gonzales*). Based on this decision, Ramon filed a motion on June 5, 2008, arguing that the BIA should *sua sponte* reopen or reconsider his case because his situation was substantially similar to the one presented in *Lopez v. Gonzales*.

Notwithstanding this request, the BIA denied Ramon's motion for lack of jurisdiction on July 17, 2008. Particularly, the BIA determined that Ramon's motion must be denied because his motion was untimely filed and the BIA lacked jurisdiction to *sua sponte* reopen or reconsider Ramon's case after he had been removed to Mexico. The BIA based its decision on 8 C.F.R. § 1003.2(d), which provides in relevant part: "A motion to reopen or a motion to reconsider shall not be made by or on behalf of a person who is the subject of exclusion, deportation, or removal proceedings subsequent to his or her departure from the United States." Ramon then timely filed a petition for review with this court. In this petition, Ramon admits that his application is untimely and that he currently resides in Mexico.

## DISCUSSION

The central issue in this case is whether the BIA erred in determining that it lacks jurisdiction to *sua sponte* grant a removed alien's untimely motion to reconsider or reopen his case, when the underlying legal basis for removal is

later determined to be erroneous. We recently confronted this issue in *Ovalles* and held that the BIA did not err in determining that it did not have jurisdiction to reopen or reconsider such a case because 8 C.F.R. § 1003.2(d) limited the BIA's *sua sponte* authority to reconsider or reopen proceedings of petitioners who had departed the United States, notwithstanding the change in the underlying legal basis for removal. 577 F.3d at 300.

In *Ovalles*, Ovalles, a lawful permanent resident, was convicted of attempted possession of drugs in Ohio state court. *Id.* at 291. As a result of this conviction, Ovalles was charged as removable. *Id.* Following this charge, Ovalles made an application for cancellation of removal. *Id.* The IJ granted Ovalles's application, but on appeal to the BIA, the BIA held, on March 8, 2004, that Ovalles's conviction was an aggravated felony, and therefore Ovalles was ineligible for cancellation of removal. *Id.* Ovalles was removed to the Dominican Republic on April 14, 2004. *Id.*

Following the Supreme Court's decision in *Lopez v. Gonzales*, Ovalles filed a motion with the BIA on July 27, 2007, to *sua sponte* reconsider or reopen his case, arguing that the Supreme Court's decision undermined the legal basis for his removal. *Id.* However, the BIA refused to consider Ovalles's motion on the basis of 8 C.F.R. § 1003.2(d) because the BIA concluded that the post-departure bar embodied in that section overrode its authority to *sua sponte* reopen or reconsider Ovalles's case. *Id.*

On petition for review to this court, we reviewed the BIA's decision not to reopen or reconsider Ovalles's case based on its interpretation of the statute and regulations as a question of law. *Id.* After reviewing Ovalles's various legal challenges, we concluded that the BIA's determination that § 1003.2(d) overrode its *sua sponte* authority to reconsider or reopen Ovalles's cases was reasonable; that the post-departure bar of § 1003.2(d) was intended to apply to aliens who depart the country following termination of proceedings such that the applying

this section in Ovalles's case was not "arbitrary and capricious;" and that Ovalles's due process rights were not violated by the BIA's decision not to reopen or reconsider his case. *Id.* at 299–300. Specifically, regarding the applicability § 1003.2(d) to Ovalles's case, we stated:

> . . . that the post-departure bar on motions to reconsider and to reopen applies and was intended to apply to aliens who depart the country following the termination of their removal proceedings. Therefore, the BIA did not act arbitrarily and capriciously in applying section 1003.2(d) to Ovalles, despite the fact that the legal basis for his removal was later determined to be erroneous and his removal proceedings were concluded at the time he filed his motion.

*Id.* at 298 (footnote call omitted). Accordingly, we denied Ovalles's petition for review. *Id.* at 300.

Here, Ramon similarly urges that the BIA erred in denying his motion to *sua sponte* reopen or reconsider his case based on the procedural bar of § 1003.2(d). However, Ramon's situation is indistinguishable from the situation presented in *Ovalles*: Ramon departed the United States following the denial of his application for cancellation of removal and later filed an untimely petition to reopen or reconsider his case, arguing that *Lopez v. Gonzales* changed the legal basis for removal, and the BIA similarly denied Ramon's motion to reopen or reconsider based on the § 1003.2(d) post-departure bar. As such, *Ovalles* controls our decision, and we accordingly conclude that the BIA did not err in determining that it lacked jurisdiction to *sua sponte* reopen or reconsider Ramon's case based on the § 1003.2(d) post-departure bar.

## CONCLUSION

For the foregoing reasons, the petition for review is DENIED.

5